R. B. TAYLOR v. S. B. DEAKINS et al.

VENDOR AND VENDEE. *Unregistered deed. Creditors of vendor. Liability of vendee.* The vendor of land assigned the purchase notes to a third party in consideration of a pre-existing debt. The vendee paid a part of the purchase money note to assignee and promised to pay balance. The vendee failed to register his deed which had been probated, and creditors of the vendor levied executions upon the land after the assignment of the notes. The vendor became insolvent after the assignment of the notes. Vendee filed bill to be relieved of payment of the notes, because the land had been appropriated to debts of the vendor, and assignee filed cross-bill to enforce vendor's lien. *Held,* assignee had no lien after levy of executions upon the land, and that the vendee would not be relieved from payment of the notes, because there were no *existing* equities at time of assignment, and the vendee's negligence in failing to have his deed registered barred the assertion of right to be relieved.

FROM MARION.

Appeal from the Chancery Court at Jasper. W. M. BRADFORD, Ch.

F. V. BROWN for complainant.

W. D. SPEARS for defendant.

MCFARLAND, J., delivered the opinion of the court.

On the 23d of November, 1875, the complainant purchased of S. B. Deakins three lots of land in the town of Jasper, Deakins executing and delivering to him a bond for title, which was on the 26th of the same month acknowledged for registration, but was

not in fact registered or filed for registration until the 13th of February, 1879.

Several notes were executed by complainant to Deakins for the purchase price, among others, one falling due the 1st of January, 1879, and one falling due the 1st of January, 1880, each for the sum of $325. These notes being for the last two payments.

Before the maturity of these notes, to-wit, about September, 1877, they were by Deakins transferred to "Fishel & Bros.," in satisfaction of certain notes and an account which they held against Deakins. The complainant had notice of the transfer, at what precise time, however, is not certain, from the proof, but at any rate, on the 14th of January, 1879, he remitted by express $275, which was on the 24th received by Fishel & Bros., and credited on the first mentioned of said notes. Complainant also promised to pay the balance soon. Shortly afterwards, to-wit, on the 5th of February, 1879, several executions were issued and levied upon the lots in question, founded upon judgments rendered by justices of the peace of Marion county, against said Deakins, in favor of Hicks, Houston & Co., and other defendants in this cause. These judgments were rendered, except perhaps one, in the months of March and May, 1878. It will be observed that the levy of these executions were before the registration of complainant's title bond. The judgment creditors were proceeding to have condemnation of the lots in their several cases. When on the 22d of February, 1879, the original bill was filed by Taylor to have relief against the notes in the hands of

Fishel & Bros., upon the ground that they were not purchasers of the notes for value in the due course of trade, and that the levy of the executions created an equity against their payment. Fishel & Bros. filed their answer as a cross-bill, in which they insist that as the holders of the notes they have a vendor's lien on the lots superior to the lien of the execution creditors.

1st. The claim of Fishel & Bros., under their cross-bill, cannot be allowed. The execution creditors, by virtue of the levy of their executions before the registration of the complainant's title bond, and before steps taken by Fishel & Bros. acquired a valid lien, upon the simple ground that until registration, or notice for registration, the sale as to them was void. The lien attached from the date of the levy of their executions, and not from the filing of the justices' papers in the circuit court. This lien, it is true, may be lost by laches or failure to proceed in time, but there is nothing of the sort shown in this case, as this bill was filed soon after the levy of the executions.

2d. Does the levy of these executions and the creation of these liens constitute an equity upon which the complainant, Taylor, can be released from his personal liability to pay Fishel & Bros. the notes held by them, upon the facts of this case? We answer no, without determing whether Fishel & Bros. were strictly innocent purchasers in the due course of trade, so as to be protected against existing equities; it is sufficient to say that they became the absolute owners of the notes, and complainant had notice of the fact

Taylor *v.* Deakins.

at a time when he concedes that there was no ground of defense or equity against their payment.

The subsequent lien or encumbrance created upon the property by the creditors of Deakins, was caused by the negligence of the complainant in failing to have his title bond registered, as he in his deposition concedes. There is proof that at the time Fishel & Bros. accepted the notes from Deakins in satisfaction of their debts on him, that he was then solvent, and they might then have made their debts out of him, but that before the filing of this bill he became insolvent.

It is true, the general rule is that the assignee of negotiable paper for a pre-existing debt, is not a holder in the due course of trade without notice, and hence with respect to *existing equities* he stands in the shoes of the assignor, but the assignee does not continue to stand simply in the shoes of the assignor, especially after notice, so that his right to enforce the payment of the debt may be defeated by the subsequent acts of the assignor or debtor.

While it would no doubt be a good defense against the payment of these notes in the hands of Deakins, to show that the property had been taken by his creditors, even though this resulted from complainant's negligence, yet upon the facts of this case we think it is otherwise as to Fishel & Bros. The complainant has no equity as against them.

The chancellor's decree was in accordance with this holding, and it will be affirmed with costs.